IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JEREMY KUNZ,                    )
                                )
         Plaintiff,             )
                                )  01 C 1753
     v.                         )
                                )  Judge Zagel
CITY OF CHICAGO, et al.,        )
                                )
         Defendants.            )

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND FURTHER RELIEF

NOW COMES Plaintiff, JEREMY KUNZ, by his attorneys, LOEVY & LOEVY, and respectfully requests that this Court enter judgment on his fraudulent conveyance claims and provide further relief. In support thereof, Plaintiff states as follows.

**This Court Has Granted Summary Judgment On Plaintiff's Fraudulent Conveyance Claims Against Defendants Richard and Judith DeFelice**

On January 31, 2007, this Court granted summary judgment in favor of Plaintiff regarding his fraudulent conveyance claims against Defendants Richard and Judith DeFelice. See dckt. 308. Specifically, Plaintiff was granted summary judgment on his claims that the DeFelices fraudulently transferred assets following the August 2005 jury verdict against Richard DeFelice in violation of both 740 ILCS 160/5(a) and 160/6(a). Id. Plaintiff now requests that this Court enter judgment against the Defendants on those claims and provide further relief.

**Plaintiff Has The Right To Pursue An Equitable Remedy**

740 ILCS 160/8(a) sets forth numerous forms of relief available for the violation of the Illinois Uniform Fraudulent

Transfer Act. In addition to the avoidance of the transfer, attachment of assets, injunction of further transfer, and appointment of a receiver, a successful plaintiff is entitled "any other relief the circumstances may require". 740 ILCS 160(a)(3)(C); see also Kennedy v. Four Boys Labor Service, Inc., 279 Ill.App.3d 361, 370, 664 N.E.2d 1088, 1093-1094 (2nd Dist. 1996) (trial court fashioned "equitable remedy" for violation of Uniform Fraudulent Transfer Act).

In light of the circumstances, Plaintiff requests merely that this Court order the DeFelices to secure a bond in the amount of $90,000 (the ultimate punitive damage verdict that they were attempting frustrate) plus prejudgment interest.[1] While Plaintiff certainly has the right to request additional (and more invasive) relief, his only goal is to ensure that the punitive damage verdict -- once it is upheld -- is paid in full. Indeed, pursuing any other avenues will only require Plaintiff, his counsel, and this Court to expend needless resources and time, and will likely result in the further dissipation of the DeFelices' assets in the form of attorneys' fees and other costs.

The requested relief is also fair to the DeFelices. Discovery has established that the Missouri home, valued at nearly $200,000, is owned free of any liens or mortgages by third

---

[1] It is well-established that prejudgment interest on the $90,000 sum (from the date of the fraudulent transfers to the date judgment is entered) is warranted here. See In re Doctors Hosp. of Hyde Park, Inc., ---- B.R. ----, 2007 WL 641399, at *89 (N.D. Ill. March 2, 2007). Once judgment is entered Plaintiff will supply counsel for the DeFelices with the interest rate dictated by In re Doctors Hosp. so that the bond ultimately secured is in the proper amount.

2

parties. This fact, in addition to the fact that tens of thousands of dollars drained from various financial accounts following the jury verdict have never been accounted for, establishes that the DeFelices are perfectly able to secure a bond without having to surrender their home.

In short, granting the requested relief will allow Plaintiff to rest assured that, regardless of whatever else the DeFelices do, the punitive damage judgment will be paid in full. Additionally, proceeding in this manner will require virtually no additional Court supervision on the matter. As such, and because it is (perhaps more than) fair to the DeFelices, the requested relief is proper and should be granted.

WHEREFORE, Plaintiff, JEREMY KUNZ, respectfully requests this Court enter judgment against the DeFelices on Plaintiff's fraudulent conveyance claims, and order them to secure a bond in the amount of $90,000 plus prejudgment interest, and any other relief this Court considers just and appropriate.

RESPECTFULLY SUBMITTED,

s/ Jon Rosenblatt
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Jon Rosenblatt
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JEREMY KUNZ, )
)
       Plaintiff, )
) 01 C 1753
    v. )
) Judge Zagel
CITY OF CHICAGO, et al. )
)
       Defendants. )

## CERTIFICATE OF SERVICE

Allen Duarte  
Darcy L. Proctor  
Ancel Glink et al.  
140 S. Dearborn, Ste. 600  
Chicago, IL 60603

Sarah Ellis  
Asst. Corp. Counsel  
City of Chicago Dept. of Law  
30 North LaSalle, Ste. 1400  
Chicago, Illinois 60602

James Thompson  
Law Offices of Joseph V. Roddy & Associates  
77 West Washington Street, Ste. 1100  
Chicago, Il 60602

    Under penalties of perjury in 28 U.S.C. §1746, I, Jon Rosenblatt, certify that on April 5, 2007, the above listed counsel was served with the attached filing by electronic means.

                                                      s/ Jon Rosenblatt